10-2611-ag
Tang v. Holder

BIA
Schoppert, IJ
A095 716 892

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

YAN ZHU TANG,
> *Petitioner,*

v.                                            10-2611-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:      Thomas V. Massucci, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Ari Nazarov, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Zhu Tang, a native and citizen of China, seeks review of a June 4, 2010, decision of the BIA affirming the May 30, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Zhu Tang*, No. A095 716 892 (B.I.A. June 4, 2010), *aff'g* No. A095 716 892 (Immig. Ct. N.Y. City May 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Tang has not challenged the agency's denial of CAT relief and concedes her lack of eligibility for relief

based on her prior fear of forced marriage, we address only the agency's denial of asylum and withholding of removal with respect to Tang's political activities in the United States. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

Tang argues that she established a well-founded fear of future persecution on account of her participation in the China Democracy Party while in the United States. However, the burden was on Tang to establish that her fear of persecution was objectively reasonable, *see Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004), and substantial evidence supports the agency's finding that she did not meet that burden. The evidence Tang submitted of human rights conditions in China indicates that the prominent leaders of pro-democracy movements outside of China and political dissidents within China have been persecuted. However, as the agency found, their persecution does not establish that Tang is also at risk of persecution if she returned to China because she has been only a low-level activist outside of China. As the record does not establish that people

similarly situated to Tang have been persecuted by the Chinese government, the agency's conclusion that she does not have a well-founded fear of future persecution is supported by substantial evidence. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). Accordingly, the agency did not err in denying her application for asylum and withholding of removal. *See Ramsameachire*, 357 F.3d at 178.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk