Zhong v. Holder

BIA
Weisel, IJ
A089 249 995

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of May, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges*.[1]

_____

YUE WEN ZHONG,
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

11-338-ag
NAC

_____

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

_____

[1] The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Shelley R. Goad, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Yue Wen Zhong, a native and citizen of the People's Republic of China, seeks review of a December 29, 2010, decision of the BIA affirming the January 13, 2009, decision of Immigration Judge ("IJ") Robert Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yue Wen Zhong*, No. A089 249 995 (B.I.A. Dec. 29, 2010), *aff'g* No. A089 249 995 (Immig. Ct. N.Y. City Jan. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The IJ found that Zhong's asylum claim was untimely and, therefore, considered only his eligibility for withholding of removal and CAT relief. The BIA, however, assumed for the purposes of its decision that Zhong had

2

established changed circumstances and proceeded to address the merits of all three claims. Accordingly, we have reviewed only the decision of the BIA. *See Shi Jie Ge v. Holder*, 588 F.3d 90, 93 (2d Cir. 2009). We review the agency's factual findings under the substantial evidence standard, which requires us to treat those findings as conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009).

To establish eligibility for asylum based on future persecution, an applicant must demonstrate that he posses a subjective fear that he will be persecuted if returned to his country of origin and that this fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). In this case, the agency reasonably concluded that Zhong failed to establish that his fear of persecution based on his membership in the China Democracy Party ("CDP") USA Headquarters was objectively well founded. Zhong has put forth no evidence to establish that Chinese nationals who participate in anti-government political activity while abroad are regularly persecuted upon their return to that country. Although several articles in the

3

record reported interrogations and detentions of prominent Chinese nationals who published hundreds of anti-Communist articles on overseas websites, the record does not compel the conclusion that Zhong, who published only four articles from the United States, would be subjected to similar treatment if he returned to China.

Nor did the agency err in finding that Zhong did not proffer sufficient proof that the Chinese government would discover his CDP activities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (holding that an applicant seeking relief based on future harm must make some showing that the government is aware or is likely to become aware of his disfavored belief or characteristic). Although Zhong argues that the Chinese government would have discovered the anti-Communist articles that he published on the internet, that claim is speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record).[2] Moreover, contrary to Zhong's argument, the

---

[2] Although Zhong cites a 2007 State Department report indicating that "the Chinese government monitors the political activities of students or exchange scholars living abroad," that report is not part of the administrative record, and we may not consider it in our review. *See* 8 U.S.C. § 1252(b)(4)(A) (limiting the

4

agency did not err in giving diminished weight to his wife's unsworn and uncross-examined statements that police came to the family's home in China looking for her husband. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be accorded to documentary evidence lies largely within the agency's discretion).

Because Zhong's claims for withholding of removal and CAT relief were based on the same factual predicate but are subject to a higher burden of proof, it follows *a fortiori* that the agency did not err in denying those forms of relief as well. *See Ramsameachire*, 357 F.3d at 168.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Zhong's pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

Court's review of a petition for review to the administrative record on which the order of removal is based).

5