Yan v. Sessions

BIA
Poczter, IJ
A088 043 670

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand seventeen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        ROBERT D. SACK,
>             *Circuit Judges.*

_____

CHENGMIN YAN,
>        *Petitioner,*

> v.                                                    15-2695
>                                                       NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Ning Ye, Flushing, N.Y.

FOR RESPONDENT:            Benjamin C. Mizer, Principal
                           Deputy Assistant Attorney
                           General; Keith I. McManus,
                           Assistant Director; Regan
                           Hildebrand, Senior Litigation
                           Counsel, Office of Immigration
                           Litigation, United States
                           Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chengmin Yan, a native and citizen of China, seeks review of a July 24, 2015, decision of the BIA affirming a March 11, 2014, decision of an Immigration Judge ("IJ") denying Yan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chengmin Yan,* No. A088 043 670 (B.I.A. July 24, 2015), *aff'g* No. A088 043 670 (Immig. Ct. N.Y. City Mar. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we decline to consider Yan's arguments concerning his employment-related claim because he did not press this claim before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory). And,

2

for the reasons that follow, we conclude that the agency did not err in determining that Yan failed to establish a well-founded fear of persecution based on his pro-democracy activities in the United States.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C.*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

First, the agency did not err in concluding that Yan failed to demonstrate a reasonable possibility that he would be singled

3

out individually for persecution. "Importantly, 'to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his [or her] country of nationality are either aware of his [or her] activities or likely to become aware of his [or her] activities.'" *Id.* (quoting *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)). Although Yan submitted a letter from his wife stating that she had been visited by police who were aware of Yan's pro-democracy activities, the IJ reasonably declined to admit this letter into evidence because it was filed after the evidence submission deadline. *See* 8 C.F.R. § 1003.31(c); *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

Absent his wife's letter, the only evidence that Yan provided to demonstrate the Chinese authorities' likely awareness of his U.S. political activities was his three online articles criticizing the Chinese government, which were posted with his photograph and name, and his testimony that he handed out fliers in public and was photographed during protests in front of the Chinese Consulate. However, the agency considered this evidence and reasonably concluded that Yan's fear of persecution was speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record" a fear of persecution is not objectively

4

reasonable and is "speculative at best."); *Y.C.*, 741 F.3d at 344 (citing *Yue Wen Zhong v. Holder*, 482 F. App'x 628, 630 (2d Cir. 2012) (summary order) ("Although Zhong argues that the Chinese government would have discovered the [four] anti-Communist articles that he published on the internet, that claim is speculative.")); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted)).  Indeed, Yan himself testified that the Chinese government would not be able to identify him from just his photograph and name.

Second, the agency did not err in concluding that Yan failed to establish a pattern or practice of persecution of similarly-situated individuals—namely, ordinary members of the China Democracy Party ("CDP") who join the CDP in the United States and return to China.  To establish a pattern or practice of persecution against a particular group, an applicant must demonstrate that the harm to that group is "systemic or pervasive."  *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007).  Here, the agency correctly observed that while Yan and his witness testified that two ordinary CDP members, who joined the CDP in the United States, were persecuted after they returned to China,

this testimony was uncorroborated by any objective evidence and one of these individuals, unlike Yan, had advocated for a violent overthrow of the Chinese government. Further, the country conditions evidence reasonably supports the agency's finding that high-profile CDP leaders and recruiters have been persecuted for their pro-democracy activities *in* China, but not ordinary members like Yan whose political activity occurred in the United States. *See Xiao Ji Chen*, 471 F.3d at 342. The agency therefore did not err in concluding that Yan failed to show a pattern or practice of persecution of similarly-situated individuals. *See Y.C.*, 741 F.3d at 334-35 (affirming agency's denial of pattern or practice claim by low-level CDP member) (citing *Yan Zhu Tang v. Holder*, 429 F. App'x 59, 60 (2d Cir. 2011) (summary order) ("The evidence Tang submitted . . . indicates that the prominent leaders of pro-democracy movements outside of China and political dissidents within China have been persecuted. However, as the agency found, their persecution does not establish that Tang is also at risk of persecution if she [is] returned to China because she has been only a low-level activist outside of China.")).

Accordingly, because the agency reasonably found that Yan failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in concluding that he

necessarily failed to meet the higher burden for withholding of removal or CAT relief. *Id.* at 335.

Yan's remaining due process claims are both unexhausted and meritless. *See Lin Zhong*, 480 F.3d at 122.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7