**Su Chun HU, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,[1] Respondent.**

**No. 03–41150–AG.**

United States Court of Appeals,
Second Circuit.

Dec. 23, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

David X. Feng, New York, New York, for Petitioner.

Gary L. Hayward, Assistant United States Attorney (Matthew G. Whitaker, United States Attorney for the Southern District of Iowa, on the brief), Des Moines, Iowa, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Su Chun Hu ("Hu") petitions for review of a November 20, 2003 order of the BIA that affirmed a March 9, 2000 order of an Immigration Judge ("IJ") denying her applications for asylum, with-

holding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

Hu argues that the IJ's adverse credibility determination was not supported by substantial evidence. This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). The Court reviews the IJ's and BIA's findings of fact, including adverse credibility findings, under the substantial evidence standard. We will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

▇ As a preliminary matter, we reject the government's contention that Hu failed to exhaust her administrative remedies. *See* 8 U.S.C. § 1252(d)(1). Hu's brief to the BIA argued that Hu's testimony was consistent with the State Department country reports in the record because Hu's testimony was generally consistent.[2] Hu's argument that her testimony was generally consistent was sufficient to indicate that Hu was challenging the IJ's adverse credibility determination as a whole. Further, in *Gill v. INS*, we noted that " § 1252(d)(1) does not limit our review to those arguments specifically raised below." 420 F.3d 82, 86 (2d Cir.2005). Although Hu's brief may not have been clear about which factual findings Hu challenged, the legal nature of her argument was clear. See *id.* (holding that " § 1252(d)(1) bars the consideration of bases for relief that were not

raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below.").

Reviewing the IJ's adverse credibility determination, which was the basis for her denial of all three forms of relief, we find that it was not supported by substantial evidence. The IJ "must give specific, cogent reasons for rejecting the petitioner's testimony, and we will reverse where the adverse credibility determination is based upon speculation or upon an incorrect analysis of the testimony." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (internal quotation marks omitted). Here, the adverse credibility determination was based on five findings, all of which involved significant errors.

▇ First, the IJ found Hu's testimony inconsistent as to when she paid her fine for early marriage and parenthood. The IJ did not, however, point to any specific inconsistency, nor has the government pointed to any which the IJ might have had in mind. We require that an IJ's adverse credibility determination be supported by "specific, cogent" findings. *Secaida–Rosales*, 331 F.3d at 307. Obviously, a mere claim that an inconsistency exists is not a "specific" finding with respect to that inconsistency.

Second, the IJ also found that "the letter from the spouse, the husband, concerning the events were inconsistent with the wife's testimony as to what had occurred." Again, the IJ did not identify any inconsistency, nor has the government pointed to one. This finding is not "specific" and cannot constitute substantial evidence.

---

**2.** The brief argued that "Respondent's testimony was largely consistent with the enforcement procedures employed in the People's Republic of China, and was therefore not inconsistent with the country reports."

Third, the IJ found that Hu gave inconsistent testimony regarding the date her mother-in-law was taken into custody, stating that "[o]n direct she indicated a much later period. In her later testimony she indicated an earlier period." Hu's testimony, however, consistently indicated that her mother-in-law was taken into custody on September 22 or 23, 2000. This hardly represents a "much later period."

Fourth, it was proper for the BIA to consider the State Department reports, and to base its credibility determination in part on a comparison between the report and the other evidence in the record. *See Yan Chen v. Gonzales,* 417 F.3d 268, 274–75 (2d Cir.2005). We have emphasized, however, that State Department reports sometimes understate the scope of human rights problems. *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). We have also noted that "where a report suggests that, in general, an individual in the applicant's circumstances would not suffer or reasonably fear persecution," the agency must consider contrary evidence pertaining to the petitioner's specific case, including testimony. *Id.* The IJ did not explain her decision to give more weight to the State Department's general statements than to the petitioner's individual account.

In addition, the State Department report in question states only that "[o]utside the cities, exceptions to the one-child policy are becoming the norm." This does not suggest that the one-child policy is never enforced in the countryside. The report further states that "[t]he average number of children per family is slightly over two." Again, this does not suggest that the policy is not enforced in Hu's locale. In any event, as the government observes, the putative inconsistency with State Department reports "did not play any conclusive part in the denial of the asylum petition, indeed it was mentioned almost only in passing." Therefore, this finding does not constitute substantial evidence supporting the adverse credibility determination.

Finally, the IJ stated that Hu had testified that her husband went into hiding on September 22 or 23, 2000, and that this conflicted with Hu's statement that her husband met with family planning officials at the beginning of October. But Hu's testimony was generally clear on this chronology: her husband went into hiding after her mother-in-law's detention, which began on September 22 or 23rd. While Hu's mother-in-law was in detention, Hu's husband visited her; during these jail visits, the mother-in-law warned the spouse that he was in danger, and so he fled.

It is true that at one point Hu answered the question "Why did he go for hiding?" [*sic* ] by saying, "It was September 22nd. My mother-in-law told him to go." This statement was not made in response to the question "*When* did he go into hiding?" so it is difficult to know what Hu meant. In any event, minor date discrepancies in an account spanning several years should not be deemed fatal to credibility, *see Alvarado–Carillo v. INS,* 251 F.3d 44, 51 (2d Cir.2001), particularly when translation problems were so prominent in the hearing and the petitioner clearly and consistently answered the question of dates when the question was actually asked. No reasonable fact-finder could have treated this possible inconsistency as fatal to credibility.

We do not reject outright the IJ's conclusion that Hu failed to establish eligibility for asylum, withholding, or CAT relief, because we cannot conclude that a reasonable fact-finder would have to find that Hu made the required showing. *See Cao He Lin v. U.S. D.O.J.,* 428 F.3d 391, 406 (2d Cir.2005). However, we cannot conclude that the IJ's adverse credibility determination was based on findings that were specific and cogent, because it relied on un-

specified inconsistencies, flawed reasoning and misunderstanding of evidence. *See Secaida–Rosales,* 331 F.3d at 307. The erroneous aspects of the IJ's reasoning are not tangential to her adverse credibility determination, and the evidence supporting that determination is "not so overwhelming that it is clear she would reach the same results on remand." *Cao He Lin,* 428 F.3d at 406. We therefore vacate and remand to the BIA for remand to the IJ for further proceedings consistent with this opinion.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA VACATED, and the case REMANDED for further proceedings.