08-2998-ag
Su Chun Hu v. Eric H. Holder, Jr., United States Attorney General

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: June 23, 2009          Decided: September 3, 2009)

Docket No. 08-2998-ag

- - - - - - - - - - - - - - - - - - - -X

Su Chun Hu,

      <u>Petitioner</u>,

      -v.-

Eric H. Holder, Jr.,[*] United States Attorney General,

      <u>Respondent</u>.

- - - - - - - - - - - - - - - - - - - -X

    Before:        B. D. PARKER and WESLEY, <u>Circuit Judges</u>, and
                 CEDARBAUM, <u>District Judge</u>.[**]

    Petition for review of an order of the Board of Immigration

Appeals affirming the Immigration Judge's decision denying

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

[**] The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

Petitioner asylum, withholding of removal, and relief under the Convention Against Torture, and ordering Petitioner's removal. The petition for review is GRANTED, the order of the Board of Immigration Appeals is VACATED, and the case is REMANDED.

Gary J. Yerman, Esq.
New York, NY
for Petitioner

Lynda A. Do, Esq.
Office of Immigration Litigation
Civil Division, United States
Department of Justice
Washington, D.C.
for Respondent

PER CURIAM:

Su Chun Hu petitions for review of a May 27, 2008 order of the Board of Immigration Appeals ("BIA") dismissing her appeal from the Immigration Judge's ("IJ") decision of July 6, 2006. Hu argues that the IJ's adverse credibility determination is not supported by substantial evidence. For the following reasons, her petition for review is GRANTED, the order of the BIA is VACATED and the case is REMANDED for further proceedings.

I.  Background

Su Chun Hu is a native and citizen of the People's Republic of China. She seeks asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the ground that she has suffered past persecution and has a well-founded fear of

2

future persecution because of China's coercive family planning policy.[1]  At a July 9, 2002 hearing before Immigration Judge Sandy Hom, Hu testified that she was forced to undergo an abortion on June 9, 2000.  She stated that when she did not appear at a clinic to have an intrauterine device inserted several months after the forced abortion, her mother-in-law was taken as a hostage and released only after Hu and her husband Yu Ye posted an RMB 20,000 bond.  She fears that she will be "beaten and incarcerated" should she return to China, and that she will also be subject to China's coercive family planning policy.

Hu applied for asylum upon her initial arrival in the United States on July 31, 2001.  Removal proceedings were started against her on August 9, 2001.

In an oral decision at the July 9, 2002 hearing, the IJ stated that Hu's testimony was not credible because of certain inconsistencies in her testimony as well as conflicts between her testimony and other evidence in the record.  It should be noted that Judge Hom did not comment on Hu's demeanor in his 2002 decision.  Based on his adverse credibility determination, the IJ denied Hu asylum, withholding of removal, and relief

---

[1] 8 U.S.C. § 1101(a)(42) provides that persecution on account of "political opinion" includes being subject to a forced abortion or sterilization, or persecution for resistance to a "coercive population control program."

under the CAT, and ordered her removal. Hu appealed to the BIA, which affirmed without opinion on November 20, 2003. In Re Su Chun Hu, No. A 79 414 877 (B.I.A. Nov. 20, 2003) aff'g No. A 79 414 877 (Immig. Ct. N.Y. City July 9, 2002). Hu filed a petition for review in this court.

The November 20, 2003 order of the BIA was vacated and remanded to the IJ on the ground that the July 9, 2002 order of the IJ was based on "unspecified inconsistencies, flawed reasoning and misunderstanding of evidence." Su Chun Hu v. Gonzales, 160 Fed. App'x 98, 101-02 (2d Cir. 2005).

On remand, no further testimony was taken. On July 6, 2006, Judge Hom issued a written decision in which he "attempted to outline the specific inconsistencies and conflicts that arose in the respondent's presentation." In addition to pointing out inconsistencies and conflicts in Hu's evidence, the IJ repeatedly noted that Hu's demeanor undermined her credibility. For example, he noted that when Hu was asked to explain an apparent inconsistency, she responded with testimony that was "further confusing and appeared to the court to be an obvious attempt to side-step the issue with non-responsive answers."

The IJ also found that Hu's testimony about her forced abortion was "insufficient and lacking" based on the "demeanor and the timbre of her testimony" which was "suggestive of someone who has never experienced an abortion procedure and was

4

more akin to a routine gynecological 'pap smear' check-up, rather than a life-altering traumatic experience."

Based on his adverse credibility determination, the IJ concluded that Hu had not met her burden of proof for asylum, and so she could not meet the "higher standard of proof" required for withholding of removal or relief under the CAT. He again denied Hu all relief and ordered her removal.

The BIA affirmed Hu's administrative appeal. In Re Su Chun Hu, No. A 79 414 877 (B.I.A. May 27, 2008), aff'g No. A 79 414 877 (Immig. Ct. N.Y. City July 6, 2006). Hu filed a timely petition for review by this court on June 18, 2008.

## II. Analysis

When the BIA adopts and supplements the IJ's opinion, we review the IJ's opinion as supplemented by the BIA. Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005).

Questions of law and the application of law to undisputed fact are reviewed de novo. Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008). We review the factual findings of the IJ and BIA under the "substantial evidence" standard which treats them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Bah, 529 F.3d at 110. However, the "substantial evidence" standard requires that the factual findings be supported by "reasonable,

5

substantial and probative evidence in the record." Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 116 (2d Cir. 2006).

We accord "particular deference" in applying the substantial evidence standard to an IJ's credibility determination, but will remand if that determination is based on flawed reasoning or a flawed fact-finding process. Manzur v. U.S. Dep't of Homeland Security, 494 F.3d 281, 289 (2d Cir. 2007); Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 400 (2d Cir. 2005).

The IJ's adverse credibility determination is not supported by substantial evidence because it relied on a flawed fact-finding process, impermissible speculation, and flawed reasoning. Hu testified on July 9, 2002. The IJ's adverse credibility determination contained in his 2002 contemporaneous oral decision relied solely on inconsistencies in her evidence; Hu's demeanor was never mentioned. In the nearly four years between the July 9, 2002 testimony and the written decision of July 6, 2006, Hu never again testified before Judge Hom. His only opportunities to observe Hu between July 2002 and July 2006 were at two conferences in May and June of 2006. At the May 5 conference, the record indicates that the IJ was unsure whether the petitioner was an adult or a child. In re Su Chun Hu, Tr. Of June 16, 2006 (Immigration Judge Hom: "Now is the respondent

the little girl or the mother?")  The record of the June 16, 2006 conference does not show any statements by Hu.

Nevertheless, the IJ's written decision of July 6, 2006 contains detailed analyses of Hu's credibility based on her demeanor during her testimony at the 2002 hearing.  No evidence in the record suggests that these analyses are based on anything but the IJ's recollection of Hu's demeanor when she testified nearly four years before.  We afford particular deference to the IJ's assessment of demeanor because the IJ has the unique ability to observe the petitioner's demeanor while she testifies.  See Tu Lin v. Gonzales, 446 F.3d 395, 400-01 (2d Cir. 2006).  A four-year-old memory of the witness's demeanor is not entitled to the same deference.

We are well aware that IJs must manage an onerous caseload. According to Syracuse University's Transactional Records Access Clearinghouse ("TRAC"), Immigration Judge Hom decided 1,377 asylum claims on the merits between 2004 and 2009.  The TRAC report shows that fifty-two percent of those asylum-seekers were from China.  TRAC Reports, Inc., Individual Judge Report for Judge Sandy K. Hom, Fiscal Years 2004-2009, available at http:// trac.syr.edu/immigration/reports/judgereports/00146NYC/ index.html (last accessed July 7, 2009).

In the time between Hu's 2002 testimony and the IJ's 2006 decision, the IJ's memory of Hu's testimony may have been

7

affected by the many similarly-situated asylum-seekers who testified before him. A reasonable adjudicator would not rely on his four year old memory of Hu's facial expression when evaluating her credibility four years later. Therefore, the IJ's evaluation of Hu's demeanor cannot be substantial evidence supporting his adverse credibility determination. Cf. 8 U.S.C. § 1252(b)(4)(B); Bah, 529 F.3d at 110.

The IJ's opinion regarding Hu's testimony about her forced abortion is also based on impermissible speculation and is not substantial evidence supporting his adverse credibility determination.

At the outset, the IJ's finding regarding Hu's forced abortion suffers from the same flaw identified above to the extent that it relies on his memory of Hu's demeanor during her July 2002 testimony. More troubling is his conclusion that Hu's demeanor was that of someone who had only experienced a "routine gynecological 'pap smear' [...] rather than a life-altering traumatic experience" such as an abortion. In Re Su Chun Hu, No. A 79 414 877 (Immmig. Ct. N.Y. City July 6, 2006.) The IJ provided no basis for his assumptions about how someone who had had a forced abortion would testify. His conclusion based on those unexplained assumptions is therefore impermissible speculation. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178

8

(2d Cir. 2004) ("we will reverse where the adverse credibility determination is based upon speculation").

Two of the inconsistencies upon which the IJ relied in reaching his adverse credibility determination are based on flawed reasoning or misstatements of the record. First, the IJ found that Hu was not consistent about the date on which her mother-in-law was taken into custody. As we noted in the December 23, 2005 Summary Order, Hu consistently testified that her mother-in-law was taken into custody on September 22 or 23, 2000. Hu v. Gonzales, 160 Fed. App'x at 101. Although she did, at one point, say "November 9, Year 2000" in response to the question "and when had you left the house?" Hu further testified that "at that time I was hiding at my aunt's house in Shanghai." It is clear that Hu was not answering the question "when did you leave your own house to go into hiding" since it would be illogical to answer that question with a date on which, by her own testimony, she had already left her home and gone into hiding. Furthermore, contrary to the IJ's written decision, Hu never stated that her husband went into hiding on November 9, 2000.

Second, the IJ stated that Hu testified that she was first fined when she went to register her daughter in August 2000. According to the July 9, 2002 transcript, when asked "when were you first notified about any kind of fine," Hu

9

responded "after my daughter was born."  She later stated "first fine was after my daughter was born but they did not notify us with the fine.  It was until register my daughter's household."  When asked to explain the inconsistency, she said "when I went to register the household, they demanded for the fine."  This testimony is generally consistent with Yu Ye's letter that states that they were fined after their daughter's birth, but did not pay the fine until after their daughter's registration was rejected because the fine had not been paid.  Since the record indicates pervasive problems in translation, a reasonable fact-finder could not conclude that Hu's credibility was undermined solely by the minor inconsistencies remaining in her testimony about whether her mother-in-law was taken as a hostage on September 22 or 23 of 2000 or when she was notified about the RMB 2,800 fine.  See Biao Yang v. Gonzales, 496 F.3d 268, 272 (2d Cir. 2007) (citing Diallo v. INS, 232 F.3d 279, 288 (2d Cir. 2000)).

III. Conclusion

Immigration Judge Hom's adverse credibility determination cannot stand because it is not supported by "reasonable, substantial, and probative evidence in the record."  Lin Zhong, 480 F.3d at 116.  The evidence in the record is also not "so overwhelming" that we could confidently predict that without the errors we identified, the same result would be reached on

10

remand.  See Shunfu Li v. Mukasey, 529 F.3d 141, 150 (2d Cir. 2008); Cao He Lin, 428 F.3d at 406.  However, we cannot conclude that a reasonable fact finder would be compelled to find that Hu has made the requisite showing for asylum, withholding of removal, or relief under the CAT.  Hu's petition for review is therefore GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.  We recommend that the BIA remand the case for hearing before a different IJ.