11-2378-ag
Wu v. Holder
BIA
Burr, IJ
A093 389 938

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of August, two thousand twelve.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges.*[*]

_____

GUOQIN WU, AKA GUOQIN JIANG
> *Petitioner,*

v.                                          11-2378-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

---

[*]The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

FOR PETITIONER:        Lee Ratner, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Shelley R. Goad, Assistant
                       Director; Tim Ramnitz, Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Guoqin Wu, a native and citizen of the People's Republic of China, seeks review of a May 26, 2011, order of the BIA affirming the April 20, 2009, decision of Immigration Judge ("IJ") Sarah M. Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guoqin Wu*, No. A093 389 938 (B.I.A. May 26, 2011), *aff'g* No. A093 389 938 (Immig. Ct. N.Y. City Apr. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA largely adopted the IJ's decision, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the

2

substantial evidence standard, which requires us to treat those findings as conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

In *Shi Liang Lin v. U.S. Dep't of Justice*, this Court determined that, under 8 U.S.C. § 1101(a)(42), an individual is not *per se* eligible for asylum based on a spouse or partner's forced abortion or sterilization because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d 296, 308 (2d Cir. 2007). Thus, in order to establish eligibility for relief, Wu must show "other resistance to a coercive population control program," and that as a result of that resistance, he was persecuted. *See id*. The agency did not err in finding that Wu did not establish persecution based on a brief detention and beating.

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm

upon, those who differ in a way regarded as offensive."
*Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985),
*overruled in part on other grounds*, *INS v. Cardoza-Fonseca*,
480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of
Justice*, 433 F.3d 332, 342 (2d Cir. 2006).  The harm must be
sufficiently severe, rising above "mere harassment."
*Ivanishvili*, 433 F.3d at 341.  Here, the agency considered
Wu's description of his assault, and reasonably concluded
that the beating did not amount to persecution because the
detention was brief, Wu did not require medical attention as
a result of the beating, and the beating had no lasting
physical effect.  *See Jian Qiu Liu v. Holder*, 632 F.3d 820,
822 (2d Cir. 2011) ("We have never held that a beating that
occurs within the context of an arrest or detention
constitutes persecution *per se*.  Rather, we have held that a
beating that occurs in the context of an arrest or detention
may constitute persecution, and that the agency must be
keenly sensitive to context in evaluating whether the harm
suffered rises to the level of persecution." (internal
quotations omitted)); *Beskovic v. Gonzales*, 467 F.3d 223,
226 (2d Cir. 2006).

Wu also argues that he has a well-founded fear of
future persecution because family planning officials came to

4

his home and told his wife that they sought to punish him, a claim supported by a letter from his wife stating that officials "started frequently coming" to the house after Wu left, and threatened Wu with "severe punishment."  The agency evaluated the letter and reasonably found that because it did not indicate the type of punishment Wu would face if he returned to China, it did not demonstrate that he would face harm rising to the level of persecution.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 172 (2d Cir. 2008) (evidence of penalties or sanctions does not necessarily signal a reasonable possibility of persecution).

Because Wu did not demonstrate past persecution, or a well-founded fear of future persecution, the agency did not err in denying his application for asylum.  *See* 8 C.F.R. § 1208.13(b).  Moreover, because Wu did not establish a well-founded fear of persecution, he necessarily cannot show that it is more likely than not he will be persecuted or tortured if he returns to China, and thus, the agency did not err in denying withholding of removal or CAT relief. *See* 8 C.F.R. §§ 1208.16(b), (c), 1208.17; *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk