Ding v. Lynch

BIA
Hom, IJ
A201 120 232

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:
PETER W. HALL,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
    *Circuit Judges.*

_____

YINDI DING,
        *Petitioner,*

    v.                                          14-2274
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        John W. Reinhardt, Huntington, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Blair T.

O'Connor, Assistant Director; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Yindi Ding, a native and citizen of the People's Republic of China, seeks review of a May 30, 2014, decision of the BIA affirming a March 1, 2013, decision of an Immigration Judge ("IJ") denying Ding's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yindi Ding,* No. A201 120 232 (B.I.A. May 30, 2014), *aff'g* No. A201 120 232 (Immig. Ct. N.Y. City Mar. 1, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to review the agency's decision insofar as it pretermitted Ding's untimely asylum application. *See* 8 U.S.C. § 1158(a)(3). Accordingly, to the extent Ding seeks review of that determination, her petition is dismissed. However, we may review Ding's challenge to the agency's denial of withholding of removal and CAT relief.

2

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief that the BIA declined to consider (the denial of CAT relief unrelated to credibility). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009).

The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . ., the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath and considering the circumstances under which the statements were made), . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

Ding sought asylum and related relief based on her alleged forced sterilization under China's family planning policy in 1980 and her conversion to Christianity in the United States.

3

In finding her not credible, the IJ reasonably relied on Ding's demeanor, noting that she failed to respond directly to questions throughout her testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the record. The IJ's demeanor finding and the overall credibility determination are bolstered by record inconsistencies regarding Ding's medical records from China. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67. Ding did not provide compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80.

The agency also reasonably relied on Ding's inability to testify credibly about her religion. Although the agency may err in basing a credibility determination on an applicant's lack of doctrinal knowledge, there are "instances in which the nature of an individual applicant's account would render h[er] lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding." *Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006). Because Ding testified that she had been reading the Bible every day for six years and attending church regularly

4

during that time, the agency did not err in questioning her credibility based on her lack of basic doctrinal knowledge. *See id.*

The agency also found an inconsistency in Ding's testimony "that she had received a [U.S.] doctor's letter in 2011," whereas the undated letter indicates that it was printed on December 15, 2010. CAR at 56. This discrepancy, if there was any, does not amount to an inconsistency. Ding at first explained that she did not remember the exact date, but responded that "it's around 2011" after the government asked "when [she] got [the letter], approximately" and whether she could "estimate the year." *Id*. at 112-14. Thus, Ding's testimony was all that it purported to be: a reasonable approximation. We would be reluctant to leave undisturbed the IJ's credibility determination if it rested substantially on this supposed inconsistency. But we conclude that remand is futile and therefore not required because "(1) substantial evidence in the record relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the IJ would adhere to his decision were the

5

petition remanded." *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir.2006) (internal quotation marks omitted).

Having found that Ding's testimony was not credible, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable evidence corroborating or independently supporting her claims of past harm and fear of future harm. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Ding did not submit evidence of her pregnancy or other medical records from China and admitted that she made no effort to obtain such evidence. The agency reasonably declined to credit an unsworn letter from Ding's daughter. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). It likewise reasonably gave little evidentiary weight to the U.S. doctor's letter because it was an undated email copy that provided only "inferential evidence" for Ding's claim and did not include the reports on which it claimed to rely, and because the doctor was not available for cross-examination. CAR at 57.

Ultimately, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is dispositive of withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk