Zheng v. Lynch
BIA
Cheng, IJ
A200 919 918

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand sixteen.

PRESENT:
  BARRINGTON D. PARKER,
  REENA RAGGI,
  DENNY CHIN,
    *Circuit Judges.*
_____

YI JING ZHENG,
    *Petitioner,*

    v.                                      14-2525
                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*
_____

FOR PETITIONER:        Eric Y. Zheng, New York, New
                       York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Cindy
                       S. Ferrier, Assistant Director;

Michele Y. F. Sarko, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yi Jing Zheng, a native and citizen of the People's Republic of China, seeks review of a June 20, 2014, decision of the BIA affirming an April 30, 2013, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Jing Zheng,* No. A200 919 918 (B.I.A. June 20, 2014), *aff'g* No. A200 919 918 (Immig. Ct. N.Y. City Apr. 30, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *see also Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting those similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). "[The] alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir. 2008). The agency was not compelled to find that Zheng established a well-founded fear of persecution in China on account of her practice of Christianity.

Zheng admitted that Chinese officials were not aware of her religious practice. Moreover the country conditions evidence in the record provides that between fifty and seventy million Christians practice in unregistered churches in China, and that in some areas their activities, including proselytism, are tolerated without interference. Therefore, the agency did not

3

err in determining that Zheng failed to demonstrate either that officials are likely to discover her religious practice, *see id.* at 142-43, or the "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution in China, *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (citation omitted); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009).

Additionally, the agency did not err in giving diminished weight to statements written by individuals from Zheng's hometown who claimed to have been persecuted for their practice of Christianity. The authors were not made available for cross-examination even though they reside in the United States, and one statement was unsworn. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *In re H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (rejecting letters from applicant's relatives and friends because they were "interested witnesses not subject to cross-examination"), *overruled in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Because the agency reasonably found that Zheng failed to demonstrate a well-founded fear of persecution on account of

4

her practice of Christianity, it did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Accordingly, the Government's motion to file a late brief is GRANTED, and the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk