Zheng v. Lynch

BIA
Nelson, IJ
A088 782 838

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand sixteen.

PRESENT:
>BARRINGTON D. PARKER,
>RAYMOND J. LOHIER, JR.,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

LIAN HUA ZHENG,
>*Petitioner,*

>v.                                    14-2822
>                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:         Louis H. Klein, The Kasen Law Firm, PLLC, Flushing, NY.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Timothy G. Hayes, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lian Hua Zheng, a native and citizen of the People's Republic of China, seeks review of a July 18, 2014, decision of the BIA affirming the July 16, 2013, decision of an Immigration Judge ("IJ"), denying her asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lian Hua Zheng*, No. A088 782 838 (B.I.A. July 18, 2014), aff'g No. A088 782 838 (Immig. Ct. N.Y. City July 16, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009).

*I. Religion Claim*

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence

2

"without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Zheng's claim of religious persecution was not credible.

The agency reasonably relied on an inconsistency between Zheng's hearing testimony and her asylum application regarding whether she was detained and beaten in China for assisting illegal North Korean refugees and for attending an underground Christian church in China, or whether she was arrested solely based on her assistance to refugees. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. The agency reasonably also relied on Zheng's failure to corroborate her claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). None of Zheng's corroborating evidence provided that her arrest was related to her involvement in an underground church. Given the significant inconsistency and lack of corroborating evidence, substantial evidence supports the agency's determination that Zheng was not credible as to her claim of past persecution based on her practice of Christianity. *See Xiu Xia Lin*, 534 F.3d at 165-66.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both

subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to her. 8 C.F.R. § 1208.13(b)(2)(i), (iii). "[The] alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir. 2008). The agency did not err in finding that Zheng failed to demonstrate a well-founded fear of future persecution based on her practice of Christianity.

Zheng's testimony that authorities are aware of her religion was not credible. Further, because tens of millions of Christians practice in unregistered churches in China without sanction, Zheng did not demonstrate either that authorities are likely to become aware of her practice or that a reasonable possibility existed that they would persecute her on that ground. Accordingly, the agency did not err in determining that Zheng failed to demonstrate a reasonable possibility that she would be singled out for persecution or the systemic or pervasive persecution of similarly situated

4

Christians sufficient to demonstrate a pattern or practice of persecution in China. *See* 8 C.F.R. § 1208.13(b)(2)(i)(iii); *Hongsheng Leng*, 528 F.3d at 142-43; *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005). That finding was dispositive of asylum, withholding of removal, and CAT relief insofar as those claims were based on Zheng's religion. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

*II. Political Claim*

To establish eligibility for asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *see also In re J-B-N- and S-M-*, 24 I. & N. Dec. 208, 212-14 (B.I.A. 2007). In order to demonstrate that persecution (past or prospective) bears a nexus to an applicant's political opinion, the "applicant must [] show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992)). "[T]he enforcement of generally applicable law cannot be said to be on account of the offender's political

opinion, even if the offender objects to the law." *Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010). However, "prosecution that is pretext for political persecution is not on account of law enforcement." *Id*.

In *Jin Jin Long*, we remanded Long's proceedings for further consideration of his claim that he was persecuted on account of his political opinion when he was arrested, detained, and repeatedly beaten for providing assistance to North Korean refugees who had illegally entered China. In doing so, we noted that the Chinese government's detention of individuals suspected of aiding North Korean refugees "can be seen as enforcement of the law (assuming there is a law prohibiting assistance to North Korean refugees), but it [might] also suggest an active resistance to China's North Korean immigration policies, and an attempt at suppression." *Id*. at 167. We found that "the BIA failed to consider a number of facts that may support an inference that [Long's] arrest and detention were pretextual." *Id*. Specifically, it failed to consider Long's credible testimony that he was never formally charged and that he was "subjected to prolonged detention and repeated physical abuse," and it failed to note that "U.S. State Department country reports on China suggest[ed] that the North Korean refugee issue is politically charged." *Id*. Therefore,

6

we remanded for the BIA to determine "whether there is a law barring assistance to North Koreans, and (whether there is or is not) in what circumstances persecution of those who assist North Korean refugees would constitute persecution on account of a protected ground." *Id*. at 164; *see also id*. at 167-68. In *Jin Jin Long*, we denied the petition of a second individual, Song, whom police sought to arrest for arranging to smuggle family from North Korea, because the record did not support an inference that Song acted from a political motive or that government officials were motivated to pursue him to suppress his opinion. *Id.* at 168.

In Zheng's case, the evidence does not compel the conclusion that police arrested her for violating immigration laws as a pretext for suppressing her political opposition to China's policy towards North Korean refugees. Unlike Long, Zheng admitted that she assisted illegal North Korean refugees in finding employment and that this act formed the underlying basis for her arrest, and she submitted evidence that she was detained pursuant to the Criminal Procedure Laws of the People's Republic of China and her family was formally notified of her detention. And, unlike the record in *Jin Jin Long*, the record have contains evidence of both local and national laws in China that prohibit individuals from providing assistance to illegal

7

refugees (whether from North Korea or elsewhere). *Id.* at 167-68. Further, that Zheng's assistance was discovered only after a legitimate tax audit at the factory where she had helped refugees obtain employment indicated that the police were not looking for a pretext to arrest her on account of her humanitarian assistance to illegal North Korean refugees. Although punishment that is disproportionate to the crime committed may evidence persecution rather than legitimate prosecution, see *id.* at 167, Zheng's abuse, was not extreme or repeated, and thus the agency was not compelled to conclude on this fact alone that police were motivated to detain and harm her on account of an imputed political opinion. *See id.* at 166, 168; *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011); *Yueqing Zhang*, 426 F.3d at 545.

Because, because the agency reasonably found that Zheng failed to demonstrate past persecution or a well-founded fear of persecution on account of her political opinion, it did not err in denying asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A). The agency also did not err in denying Zheng's claim for CAT relief. Zheng did not allege that the abuse she suffered caused her "severe pain or suffering," 8 C.F.R. § 1208.18(a)(1); *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006), and evidence of a

generalized risk of torture of those detained in China is insufficient to establish eligibility for CAT relief, *see Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk