Tao v. Sessions

BIA
Laforest, IJ
A087 601 002

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT:
    REENA RAGGI,
    DENNY CHIN,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

LI TAO,
        *Petitioner,*

        v.                                16-3015
                                          NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Mike P. Gao, Flushing, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Nancy E. Friedman,
                       Senior Litigation Counsel; Sharon M.
                       Clay, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Tao, a native and citizen of the People's Republic of China, seeks review of an August 9, 2016, decision of the BIA affirming an April 20, 2015, decision of an Immigration Judge ("IJ") denying Tao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Tao,* No. A087 601 002 (B.I.A. Aug. 9, 2016), *aff'g* No. A087 601 002 (Immig. Ct. N.Y. City April 20, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009).

Because Tao alleged only a fear of future persecution on account of her membership in the China Democracy Party ("CDP") in the United States, she had the burden to show a well-founded fear of future persecution, which is a "subjective fear that

2

is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see also* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C.*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

*First*, we conclude that the agency did not err in determining that Tao failed to demonstrate an objectively reasonable possibility that she would be singled out individually for persecution. "[A]n alien must make some showing that authorities in his or her country of nationality are either aware of his or her activities or likely to become aware of his or her activities." *Y.C.*, 741 F.3d at 332 (internal citation, quotation marks, and brackets omitted).

3

Tao argues that online publication of her four pro-democracy articles and photographs of protests she attended established the Chinese government's likely awareness of her U.S. political activities, particularly in light of her own testimony and testimony from a witness that that the government would discover her activities. Although the agency found Tao and her witness credible, that only satisfied the subjective prong of the test. The agency then reasonably concluded that Tao's fear of persecution was speculative because it was unlikely that the Chinese government would discover her four articles and protest photographs. *See Jian Xing Huang v. U.S INS*, 421 F.3d 125, 129 (2d Cir. 2005) (stating that in "absence of solid support in the record" a fear of persecution is not objectively reasonable and is "speculative at best."); *Y.C.*, 741 F.3d at 334, 336-37 (finding insufficient grounds for awareness based on either publication of one article or applicant's member page, name, and photograph on CDP's website).

*Second*, we conclude that the agency did not err in determining that Tao failed to establish a pattern or practice of persecution of similarly-situated individuals—namely, low-level CDP members who joined the CDP in the United States. To establish a pattern or practice of persecution of a particular group, an applicant must demonstrate that the harm

4

to that group is "systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007). Although Tao and her witness identified a few arrests of low-level CDP members who had been active in the United States, the agency reasonably concluded that the isolated incidents did not amount to a pattern or practice. *See Santoso v. Holder*, 580 F.3 110, 111-12 (2d Cir. 2009) (finding no error in agency's denial of pattern or practice claim where persecution was "sporadic" and "localized").

Further, as the agency reasoned, the country conditions evidence reflects that high-profile CDP leaders and recruiters have been persecuted for their pro-democracy activities in China, but does not identify persecution of low-level CDP members, like Tao, whose activities occurred only in the United States. The agency therefore did not err in concluding that Tao failed to show a pattern or practice of persecution of similarly-situated individuals. *See Y.C.*, 741 F.3d at 334-35 (affirming agency's denial of pattern or practice claim by low-level Chinese Alliance for Democracy member where evidence showed persecution of prominent leaders of pro-democracy movements outside of China and political dissidents within China). As the agency concluded, Tao failed to demonstrate an

5

objectively reasonable fear of persecution. *See id*. Thus, the agency did not err in denying asylum or in concluding that Tao necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk