16-1184-ag
*Ntem-Mensah v. Sessions*

BIA
Straus, IJ
A096 524 547

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand eighteen.

Present:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

NANA KWABENA OBONOMA NTEM-MENSAH,

    *Petitioner*,

    v.                                   16-1184-ag

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

    *Respondent*.

_____

For Petitioner:                  JUSTIN CONLON, Hartford, CT.

For Respondent:             ANTHONY W. NORWOOD (Chad A. Readler, Leslie McKay, *on the brief*) Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Nana Kwabena Obonoma Ntem-Mensah, a native and citizen of the Republic of Ghana, seeks review of a March 22, 2016, decision of the BIA affirming a March 14, 2014, decision of an Immigration Judge ("IJ") denying Ntem-Mensah's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nana Kwabena Obonoma Ntem-Mensah,* No. A096 524 547 (B.I.A. Mar. 22, 2016), *aff'g* No. A096 524 547 (Immig. Ct. Hartford Mar. 14, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Given this scope of review and because Ntem-Mensah challenges only the denial of withholding of removal, review is limited to whether the agency erred in concluding that he failed to demonstrate that it was more likely than not that he would suffer persecution. The applicable standards of review are well established; "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009).

To qualify for withholding of removal, an alien must demonstrate that "it is more likely than not" that he will suffer persecution on account of race, religion, nationality, membership in a particular social group, or political opinion if returned to his native country. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see* 8 U.S.C. § 1231(b)(3)(A). An alien like Ntem-Mensah who does not claim past persecution has the burden to prove that it is more likely than not that he would suffer persecution in the future, *i.e.*, that there is a "clear probability" of persecution.

2

*Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); 8 C.F.R. § 1208.16(b)(1)(iii).

The agency did not err in finding that Ntem-Mensah failed to meet this burden. "In the absence of solid support in the record . . . , [an applicant's] fear [of persecution] is speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). The evidence that Ntem-Mensah submitted—news articles, a State Department report, and four sworn letters from relatives or associates in Ghana—does not constitute "solid support" for the claim that he is likely to become involved in a chieftancy dispute, much less that he is likely to be persecuted as a result.

Ntem-Mensah submitted three news articles—a 2013 article documenting a chieftaincy conflict in the Volta region; an article reporting reconciliation between chiefs in the Buem constituency; and an article reporting that police have helped to manage communal conflicts in the Volta area. These articles may attest to the existence of chieftaincy disputes in the Volta region, where Ntem-Mensah is from, but they provide no support for the central proposition at issue: that Ntem-Mensah himself is likely to be involved in a chieftaincy dispute and to suffer persecution. Ntem-Mensah also submitted the 2010 State Department report on Ghana, which identifies violent chieftaincy disputes, including one in the Volta region, and notes that perpetrators of this violence have been arrested. But as the agency reasoned, this evidence does not provide solid support for Ntem-Mensah's claim.

Ntem-Mensah also submitted four letters supposedly to confirm his place as his father's successor and to attest that he is in danger because other family members or factions are interested in assuming power and taking his valuable land. But none of these letters recounts any threats to Ntem-Mensah's life, identifies specific individuals or factions who pose a threat, or even provides specifics as to the immense wealth over which family members are at odds. The BIA found that Ntem-Mensah's letters were "general in nature and not sufficient to establish that he faces a clear probability of future harm." Joint App. 2. We have no grounds to disturb that reasoned

3

determination.  *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

For the foregoing reasons, the petition for review is **DENIED**.  As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.  Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk