Lin v. Lynch
BIA
Nelson, IJ
A087 651 141

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand sixteen.

PRESENT:
        **REENA RAGGI,**
        **DENNY CHIN,**
        **RAYMOND J. LOHIER, JR.,**
          *Circuit Judges.*
_____

**QUAN LIN,**
      *Petitioner,*

      **v.**                        **14-1723**
                                          **NAC**

**LORETTA E. LYNCH, UNITED STATES**
**ATTORNEY GENERAL,**
      *Respondent.*
_____

**FOR PETITIONER:**        David A. Bredin, Esq., Flushing, New York.

**FOR RESPONDENT:**        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Linda S. Wernery,

Assistant Director; Gregory M. Kelch, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Quan Lin, a native and citizen of the People's Republic of China, seeks review of an April 29, 2014 decision of the BIA affirming a March 8, 2012 decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Quan Lin*, No. A087 651 141 (B.I.A. Apr. 29, 2014), *aff'g* No. A087 651 141 (Immig. Ct. N.Y. City Mar. 8, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as modified by the BIA. On the facts of this case, therefore, we consider the IJ's adverse determinations as to Lin's claimed past persecution and professed fear of future persecution without reviewing the IJ's finding of untimeliness, which the BIA declined to consider. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.

2

2005) (reviewing IJ judgment as modified by BIA, *i.e.*, minus single argument rejected by BIA).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009).

1.  <u>Past Persecution: Adverse Credibility Determination</u>

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's adverse credibility determination here.

Specifically, the IJ reasonably relied on Lin's evasive and unresponsive demeanor when testifying about his asylum interview and the use of his own passport to depart China.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  "[W]e accord[] particular weight" to an IJ's evaluation of an applicant's demeanor where, as here, it finds support in the record.  *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

The IJ's adverse demeanor finding and credibility determination are bolstered by record inconsistencies regarding how police transported Lin to the police station and how his family paid for his release from detention. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67. Lin did not provide compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80.

The agency also reasonably found it implausible that Lin would have used his own passport to depart China when he claimed to have been released from detention on the condition that he remain in his local area. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67-68 & n.2 (2d Cir. 2007). Given these demeanor, inconsistency, and implausibility findings, substantial evidence supports the agency's determination that Lin was not credible as to his claim of past persecution. *See Xiu Xia Lin*, 534 F.3d at 165-66.

2. <u>Well-Founded Fear of Future Persecution</u>

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, *see* 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *see*

4

*Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear, an applicant must show either that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting those similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). The record did not here compel the agency to find that Lin established a well-founded fear of persecution in China on account of his practice of Christianity while in the United States.

The record evidence of country conditions demonstrates that between fifty and seventy million Christians practice in unregistered churches in China, and that in some areas such practice is tolerated without interference. Therefore, the agency did not err in determining that Lin failed to demonstrate either that officials are likely to discover his religious practice in the United States, *see Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008), or that the persecution of similarly situated Christians "is so systemic or pervasive as to amount to a pattern or practice of persecution" in China, *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (citation omitted); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009).

Accordingly, because the agency reasonably found that Lin failed to demonstrate a well-founded fear of persecution on account of his practice of Christianity, it did not err in denying asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Fed. R. App. P. 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6