Lian v. Lynch

BIA
Hom, IJ
A201 173 014

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand sixteen.

PRESENT:
>        RICHARD C. WESLEY,
>        DEBRA ANN LIVINGSTON,
>        DENNY CHIN,
>             *Circuit Judges.*

_____

XIAO LING LIAN, AKA IVY WINGYIN WONG,
>        *Petitioner,*

>        v.                                    14-2592
>                                              NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Janice

K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Ling Lian, a native and citizen of the People's Republic of China, seeks review of a June 26, 2014, decision of the BIA affirming a May 8, 2013, decision of an Immigration Judge ("IJ") denying Lian's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Ling Lian,* No. A201 173 014 (B.I.A. June 26, 2014), *aff'g* No. A201 173 014 (Immig. Ct. N.Y. City May 8, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *see also Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009).

2

Past Persecution: Adverse Credibility Determination

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on, inter alia, an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Lian was not credible.

The IJ reasonably relied on an inconsistency between Lian's hearing testimony and her airport interview in finding her not credible. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-80 (2d Cir. 2004). As an initial matter, the BIA did not impermissibly assess the reliability of Lian's airport interview in the first instance, but simply agreed with the IJ's findings and explained its reasons. *See* 8 C.F.R. § 1003.1(d)(3)(i) ("The Board will not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge, . . . shall be reviewed only to determine whether [they] . . . are clearly erroneous."). Moreover, the agency did not err in finding reliable the record

3

of Lian's interview, which was transcribed verbatim in question and answer format, signed by Lian on each page, and conducted with an interpreter. *See Ming Zhang v. Holder*, 585 F.3d 715, 721-22 (2d Cir. 2009).

At her interview, Lian stated that she had never been arrested in China. However, in her asylum application and at her hearing, she inconsistently stated that she had been arrested and beaten in China on account of her religious practice. The agency was not compelled to accept Lian's explanation that she was nervous. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)*; see also Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6 (2d Cir. 2005).

Having questioned Lian's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony or independently satisfy her burden of proof with reliable evidence corroborating her claim of past persecution. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given the inconsistency and lack of corroboration findings, substantial evidence supports the agency's determination that Lian was not credible as to her claim of past persecution. *See Xiu Xia Lin*, 534 F.3d at 165-66.

Well-Founded Fear of Persecution: Burden

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire*, 357 F.3d at 178. To establish a well-founded fear, an applicant must show either that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting those similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). The agency was not compelled to find that Lian established a well-founded fear of persecution in China on account of her practice of Christianity.

As the IJ found, the country conditions evidence in the record provides that between fifty and seventy million Christians practice in unregistered churches in China, and that in some areas their activities, including proselytism, are tolerated without interference. Further, the proffered evidence did not suggest greater persecution in Lian's hometown. Therefore, the agency did not err in determining that Lian failed to demonstrate either that officials are likely to discover her religious practice, *see Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008), or that there

5

exists "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution in China, *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009).

Accordingly, because the agency reasonably found that Lian failed to demonstrate a well-founded fear of persecution on account of her practice of Christianity, it did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk