Piao v. Lynch

BIA
Vomacka, IJ
A205 427 772

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand sixteen.

PRESENT:
    DENNIS JACOBS,
    PETER W. HALL,
    SUSAN L. CARNEY,
        *Circuit Judges.*
_____

DA YONG PIAO,
        *Petitioner,*

        v.                                    14-3177
                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Jed S. Wasserman, Law Office of Ng
                         & Wasserman, PLLC, New York, New
                         York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Linda
                         S. Wernery, Assistant Director;
                         Susan Bennett Green, Senior
                         Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Da Yong Piao, a native and citizen of the People's Republic of China, seeks review of a July 29, 2014, decision of the BIA affirming the October 12, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Da Yong Piao*, No. A205 427 772 (B.I.A. July 29, 2014), aff'g No. A205 427 772 (Immig. Ct. N.Y. City Oct. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009).

*I. Past Persecution*

To establish eligibility for asylum and withholding of removal, an "applicant must establish that race, religion,

nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *In re J-B-N- and S-M-*, 24 I. & N. Dec. 208, 212-14 (B.I.A. 2007). Past persecution can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006) (citing *Tian-Yong Chen v. U.S. INS*, 359 F.3d 121, 128 (2d Cir. 2004)). However, the harm must be sufficiently severe to rise above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). In order for economic harm to constitute persecution, the harm must be "severe," but an applicant "need not demonstrate a total deprivation of livelihood or a total withdrawal of all economic opportunity in order to demonstrate harm amounting to persecution." *In re T-Z-*, 24 I. & N. Dec. 163, 170-73 (B.I.A. 2007); *see also Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (requiring an applicant to present testimony or evidence of his financial situation in order to show "that he suffered a 'deliberate imposition of substantial economic

3

disadvantage.'" (quoting *Yong Hao Chen v. U.S. INS*, 195 F.3d 198, 204 (2d Cir. 1999)).

Here, the agency reasonably found that Piao did not suffer persecution when police detained him for a short period of time without harm, fined him a small amount, and closed his restaurant. *See Beskovic*, 467 F.3d at 226 & n.3; *see also Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006); *see also Guan Shan Liao*, 293 F.3d at 70. Even considered in the aggregate, *see Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005), these incidents did not amount to persecution, *see Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011).

The agency also did not err in determining that Piao failed to demonstrate that police targeted him on account of a protected ground as required for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A). Piao admitted that he had illegally employed a North Korean refugee and that this formed the basis for his arrest. And he did not assert any facts from which it could be inferred that police were motivated to detain him as a pretext for suppressing his political opinion (resistance to China's North Korean immigration policies). *See Jin Jin Long v. Holder*, 620 F.3d 162, 166, 168 (2d Cir. 2010).

4

*II.  Fear of Future Persecution*

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting those similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). The agency did not err in finding that Piao failed to establish a well-founded fear of persecution on account of his practice of Christianity in an unregistered church in China.

Piao fears persecution because police arrested and fined members of his unregistered church in China.  However, given that his fellow church members did not suffer harm rising to the level of persecution based on their detentions without harm and small fines, the IJ reasonably found that Piao did not show that similarly situated individuals face persecution.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding an asylum applicant's well-founded fear claim weakened when similarly situated family members remain unharmed in the

applicant's native country).  Accordingly, Piao's claim that he will be singled out for persecution is speculative.  *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

There is no merit to Piao's argument that the 2011 U.S. Department of State's International Religious Freedom Report demonstrates a pattern or practice of persecution against Christians in China.  That report states that tens of millions of Christians practice in unregistered churches in China and that government officials do not interfere with practitioners in some regions. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005).

Because Piao failed to demonstrate past persecution or a well-founded fear of persecution on account of his political opinion or practice of Christianity, the agency did not err in denying asylum and withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  Therefore, we do not consider the agency's alternative basis for denying those forms of relief (its adverse credibility determination).  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, we are without jurisdiction to consider Piao's argument that he is eligible for CAT relief. He failed to exhaust before the BIA any specific challenge to the IJ's denial of that form of relief, and the BIA did not excuse his failure to exhaust by considering the merits of his claim. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); *see also Xian Tuan Ye v. DHS*, 446 F.3d 289, 296-97 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7