Zhang v. Holder

BIA
Poctzer, IJ
A200 838 026

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand fourteen.

PRESENT:
>JOHN M. WALKER, JR.,
>JOSÉ A. CABRANES,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

MING ZHANG,
>*Petitioner,*

v.                                                            13-3288
                                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Francis Fraser, Senior

**Litigation Counsel; Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Zhang, a native and citizen of the People's Republic of China, seeks review of an August 14, 2013, decision of the BIA, affirming the November 28, 2011, decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Zhang*, No. A200 838 026 (B.I.A. Aug. 14, 2013), *aff'g* No. A200 838 026 (Immig. Ct. N.Y. City Nov. 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Zhang does not challenge the agency's determination that she failed to demonstrate past persecution. Accordingly, we address only her argument that she has a well-founded fear of future persecution as a practicing Catholic. To establish asylum eligibility based on future persecution, an applicant must show that she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). This requires an alien to show a reasonable possibility that authorities in her country are either aware of her activities or are likely to become aware of them. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam). An alien may make this showing either by offering evidence that "'he or she would be singled out individually for persecution'" or by "prov[ing] the existence of 'a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant.'" *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 564 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii)).

The agency reasonably concluded that Zhang did not show that she would be singled out individually for persecution. Zhang presented no evidence that the Chinese government is aware of or will become aware of her Catholicism. Her application and testimony reflect that she was never discovered attending church, and she did not allege that the Chinese government was seeking her out. Instead she argues that, just as the Chinese government raided the underground church she previously attended, it will likely raid any future church she attends, thereby discovering her Catholicism. This argument is, in essence, a pattern or practice claim. As discussed below, the agency reasonably concluded that the evidence did not show a pattern or practice of persecution.

To establish a pattern or practice of persecution against a particular group, a petitioner must demonstrate that the harm to that group is "so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). Zhang argues that the evidence of official harassment of underground Catholics is sufficient to find a pattern or practice because we have

4

rejected the "systemic or pervasive" standard.  She is incorrect. "Where the BIA explicitly discusse[s] the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in petitioner's homeland, we are able to reach the conclusion that the agency's decision was not erroneous."  *See Santoso v. Holder*, 580 F.3d 110, 112 n.1 (2d Cir. 2009).

As the agency found, the 2010 State Department Report reveals only sporadic, localized harassment of underground Christian groups, with government repression focusing on large congregations in Shanghai and Beijing.  The report reflects that in some areas, local authorities approved of underground church activities in spite of the official state ban and that religious freedom may actually be increasing.

Based on this evidence of localized harassment, the IJ reasonably required locality-specific evidence of persecution in Fujian, Zhang's home province. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 169-72 (2d Cir. 2008) (finding no error in the BIA's evidentiary framework requiring an applicant to demonstrate that similarly situated individuals face persecution in his or her local area when enforcement varies by region).  Zhang presented no

evidence that the Chinese government represses Catholics in Fujian other than two hand-labeled photographs of what purport to be demolished churches.  The agency reasonably concluded that this was insufficient evidence of a pattern or practice of persecution in Zhang's locality.  *Id.*

Zhang's additional evidence does not compel us to conclude otherwise.  The 2009 International Religious Freedom Report, issued two years before her hearing, indicates repression of underground Catholics in several provinces, but fails to mention any issues in Fujian.  The remainder of Zhang's evidence relates to incidents surrounding the 2008 Olympics in Beijing.  This evidence is of limited relevance to Zhang's claim that Catholics were being persecuted in Fujian in 2011.  Considering the record as a whole, the agency reasonably found that Zhang failed to show that official repression of Catholics would lead to discovery of her Catholicism.  *Hongsheng Leng*, 528 F.3d at 143 (requiring showing of "reasonable possibility" of persecution).

Because Zhang is unable to show the well-founded fear needed to make out an asylum claim, she is necessarily unable to meet the higher standard required to succeed on

6

claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7