Xu v. Sessions

BIA
Christensen, IJ
A205 436 888

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
         REENA RAGGI,
         CHRISTOPHER F. DRONEY,
              *Circuit Judges.*
_____

JIAYANG XU,
         *Petitioner,*

         v.                                    16-412
                                               NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
         *Respondent.*
_____

FOR PETITIONER:          Zhidong Wang, Wang, Leonard & Condon, Chicago, Illinois.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiayang Xu, a native and citizen of the People's Republic of China, seeks review of a January 19, 2016 decision of the BIA affirming an August 1, 2014 decision of an Immigration Judge ("IJ") denying Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Jiayang Xu,* No. A205 436 888 (B.I.A. Jan. 19, 2016), *aff'g* No. A205 436 888 (Immig. Ct. N.Y.C. Aug. 1, 2014). Where, as here, the BIA does not expressly "adopt" the IJ's decision, but closely tracks its reasoning, we review both the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d

2

277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see also* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)). To do this, "an alien must make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The agency here reasonably determined that Xu failed to show a reasonable possibility that she would be singled out individually for persecution. Although Xu pointed to three instances in which she proselytized publicly and approximately fifteen articles about religion that she published to a blog, her claim that the Chinese government is aware of these activities is purely speculative. *See Jian Xing Huang v. U.S.*

*INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record," fear of persecution is "speculative at best" and not objectively reasonable); *Y.C. v. Holder*, 741 F.3d at 334 (rejecting premise that "Chinese government is aware of every anti-Communist or pro-democracy piece of commentary published online").

Regarding her prospective practice, Xu testified that she would worship at an unauthorized church in China and proselytize. In essence, she alleged that the Chinese authorities would become aware of her future activities in China and persecute her for them because there is a pattern or practice of such persecution. But the agency reasoned that she did not establish any pattern or practice of persecution. The State Department report, of which the agency took administrative notice, reflects that tens of millions of unregistered Christians worship in China, so it is unlikely that Chinese officials would discover Xu's practice and single her out for harm. *See Jian Xing Huang v. U.S. INS*, 421 F.3d at 129. Although Xu argues that the IJ failed to consider whether the government was more likely to discover her practice because she would proselytize, the IJ considered that fact, but found that the country conditions evidence did not support Xu's claim.

4

We identify no error in this finding. To establish a pattern or practice of persecution against a particular group, an applicant must demonstrate that the harm to that group is "systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007). Here, Xu testified that she did not personally know anyone who was persecuted in China, and the State Department's 2012 International Religious Freedom Report stated that in some parts of China "local authorities tacitly approved of . . . the activities of unregistered religious groups or did not interfere with [them]." SPA 1. Given the nationwide variation in and lack of evidence of persecution in Xu's home province of Liaoning, the agency reasonably concluded that Xu failed to establish a pattern or practice of persecution of Christians in her region of China. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (affirming agency determination that petitioner unlikely to experience future persecution as Catholic where evidence suggested that persecution was "occurring on a very localized basis and was not countrywide"); *cf. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149 (2d Cir. 2008) (identifying no error in BIA framework requiring evidence of local enforcement of family-planning policy, given regional variations in enforcement).

Accordingly, because the agency reasonably found that Xu failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in concluding that she necessarily failed to meet the higher burden required for withholding of removal or CAT relief.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk of Court