Chen v. Barr

BIA
A073 536 028

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

XIN CHEN,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

17-976
NAC

| | |
|---|---|
| FOR PETITIONER: | Theodore N. Cox, New York, NY. |
| FOR RESPONDENT: | Chad A. Readler, Acting Assistant Attorney General; Keith I. McManus, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xin Chen, a native and citizen of the People's Republic of China, seeks review of a March 31, 2017, decision of the BIA denying his motion to reopen. *In re Xin Chen,* No. A073 536 028 (B.I.A. Mar. 31, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case. We have reviewed the BIA's denial of the motion to reopen for abuse of discretion and considered whether its conclusion regarding changed country conditions is supported by substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

In his motion to reopen, Chen asserted that he had converted to Christianity in the United States and that worsened conditions for Christians in China both excused the untimely filing of a second motion to reopen and demonstrated his prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. It is undisputed that Chen's 2016 motion to reopen was untimely and number barred as it was his second motion and was filed

2

almost 20 years after his deportation order.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).

However, the time and number limitations for filing a motion to reopen do not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).

The agency committed two legal errors in its decision, each of which is an abuse of discretion. First, the agency found that Chen failed to demonstrate a material change in country conditions because of record evidence demonstrating that the Chinese government has viewed unfavorably and

3

mistreated unregistered Christian groups since before Chen's deportation proceedings. However, the agency ignored record evidence that persecution of Christians has become more common and intense, which "clearly" bears on the changed conditions inquiry. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

Second, the agency found that the record evidence indicated that persecution varies significantly from region to region, implying that Chen had failed to meet his burden to establish a change in his home area, the Fujian Province. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, at 142, 149 (2d Cir. 2008) (upholding BIA's conclusion that where treatment varies by region, petitioner must establish a change in his home area). However, the agency did not consider any record evidence bearing on the conditions in Fujian Province. This was an error.

Nevertheless, we deny the petition because "we can state with confidence that the [BIA] would adhere to [its] decision were the petition remanded." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir. 2006); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005) ("[W]e are not required to remand where

4

there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion."). While we do not think the BIA would adhere to its decision concerning changed conditions for Christians in China generally, there is no realistic possibility that the BIA would have reached a different conclusion concerning conditions in Fujian Province. The BIA's conclusion that "restrictions on unregistered religious groups and practices outside of 'normal' religious activities differed in degree and varied from region to region," App. at 4-5, was supported by substantial evidence. Therefore, Chen had to show changed conditions for Christians in Fujian Province to establish a prima facie case for asylum. *See Shao v. Mukasey*, 546 F.3d 138, 148-49 (2d Cir. 2008); *Zhang v. Holder*, 594 F. App'x 20, 22 (2d Cir. 2015) (summary order); *Jiayang Xu v. Sessions*, 710 F. App'x 474, 476 (2d Cir. 2018) (summary order). Chen's evidence does not demonstrate increased persecution of Christian groups in that province.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

5

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk