Zhu v. Sessions

BIA
Vomacka, IJ
A205 240 875

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of May, two thousand eighteen.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
>     *Circuit Judges.*

_____

YIN ZHU,
>     *Petitioner,*

>     v.                                            16-2012
>                                                   NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:          Igor G. Kuperman, Stamford, CT.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Dawn S. Conrad, Senior Litigation Counsel; Jeremy M. Bylund, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yin Zhu, a native and citizen of the People's Republic of China, seeks review of a May 23, 2016, decision of the BIA affirming a January 21, 2015, decision of an Immigration Judge ("IJ") denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yin Zhu,* No. A205 240 875 (B.I.A. May 23, 2016), *aff'g* No. A205 240 875 (Immig. Ct. N.Y. City Jan. 21, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we assume credibility and address only whether Zhu met his burden of demonstrating a well-founded fear of future persecution. *Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009).

2

Zhu did not allege any past harm, so to obtain asylum he had the burden to demonstrate a well-founded fear of future persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see also* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (requiring asylum applicant to "show a reasonable possibility of future persecution." (internal quotation marks omitted)). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C.*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

We conclude that the agency reasonably determined that Zhu failed to meet his burden of proof. "In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). The evidence that Zhu submitted – country

3

reports and letters from his mother and her neighbor – does not provide "solid support" for his claim of persecution.

Zhu submitted reports on China, including the State Department's 2013 International Religious Freedom Report, which documents mistreatment of Tibetan Buddhists in the Tibet Autonomous Region ("TAR") and connects that mistreatment to the intersection of ethnicity (Tibetan) and religion (Tibetan Buddhist). The report also states that individuals who privately practice any unauthorized religion in small groups are sometimes harassed and detained by government officials. But none of this evidence provides solid support for Zhu's claim that the government persecutes people who are ethnically Han and practice Tibetan Buddhism outside of the TAR. *Jian Xing Huang*, 421 F.3d at 129.

Zhu also submitted two letters from his mother that detail her own practice of Tibetan Buddhism, report that she was detained for her religious activity, encourage Zhu to stay in the United States, and warn Zhu that "because I am monitored by the local Public Security Bureau, you are so involved in it." Additionally, Zhu submitted a letter from his mother's neighbor reporting that Zhu's mother had been detained and warning Zhu: "The Public Security Bureau knows that you are also a Tibetan

Buddhist. If you returned, you would be detained." But the agency reasonably gave those letters diminished weight: they were unsworn, submitted by interested witnesses who were unavailable for cross-examination, and styled as personal letters to Zhu despite content — detailed background information that Zhu already knew — suggesting that they had been prepared for the removal proceedings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted)); *Y.C.*, 741 F.3d at 334 (upholding agency's determination that letter from relative in China was entitled to limited weight because it was unsworn and submitted by an interested witness). But even if the agency had afforded the letters full weight, they contain no solid basis to conclude that Zhu would be persecuted as opposed to merely harassed. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (persecution involves the "infliction of suffering or harm" that goes beyond "mere harassment").

The agency also did not err in concluding that Zhu failed to establish a pattern or practice of persecution of Tibetan Buddhists in China.  Nothing in the record suggests that

5

Tibetan Buddhism is punished or restricted nationwide in a manner that constitutes persecution. First, Zhu testified that he generally worshiped in secret, but he also studied Tibetan Buddhism at an institute in Sichuan province and cautiously promoted Tibetan Buddhism in public without incident. Second, the country reports reveal mistreatment of Tibetan Buddhists in the TAR, but not in Zhu's home province. Given the nationwide variation and lack of evidence about persecution in Zhu's home province of Guizhou, the agency reasonably concluded that Zhu failed to establish a nationwide pattern or practice of persecution of Tibetan Buddhists in China or a pattern or practice in Zhu's home province. *Cf. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149 (2d Cir. 2008) (finding no error in BIA's evidentiary framework that an applicant demonstrate that enforcement of family planning policy is carried out in his or her local area in a manner that would give rise to a well-founded fear of persecution); *see also Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (affirming agency's finding of no pattern or practice of persecution of Catholics in Indonesia where evidence showed that religious violence was not nationwide and that Catholics in many parts of the country were free to practice their faith).

Accordingly, because the agency reasonably found that Zhu failed to demonstrate an objectively reasonable fear of future persecution, it did not err in denying asylum or in concluding that Zhu necessarily failed to meet the higher burdens required for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk